## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JOSEPH FLEMING,                                    Case No. 1:20-cv-916
      Plaintiff,

                    Cole, J.
      vs                                    Litkovitz, M.J.

JUDGE PATRICK J. FOLEY, et al.,            **ORDER AND REPORT**
      Defendants.                            **AND RECOMMENDATION**

      Plaintiff, a pretrial detainee at the Hamilton County Justice Center, has filed this

civil-rights action pursuant to 42 U.S.C § 1983 for alleged violations of his constitutional rights

in connection with a criminal action pending against him in the Hamilton County Court of

Common Pleas. (Doc. 1).[1] Plaintiff names as defendants Judge Patrick J. Foley, prosecuting

attorney James Keeling, police officer Molly Shust, and defense attorney Michael Trapp. (Doc.

1 at PageID 85). Plaintiff has also filed a motion for appointment of counsel. (Doc. 5). By

separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915.

      This matter is now before the Court for a s*ua sponte* review of the complaint to determine

whether the complaint or any portion of it should be dismissed because it is frivolous, malicious,

fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant

who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C.

§ 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

      In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

---

[1] Plaintiff previously filed a habeas corpus action in this Court challenging the same state criminal proceedings. The Court dismissed plaintiff's habeas corpus action without prejudice as premature. *See Fleming v. Hamilton Cty. Justice Center*, No. 1:19-cv-1006 (S.D. Ohio Apr. 15, 2020) (Cole, J.; Bowman, M.J.) (Docs. 2, 10, 11).

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71

2

("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff alleges that defendants have violated his rights in a criminal case (No. B1903749) pending in Hamilton County, Ohio.[2] According to plaintiff, the state-court indictment improperly merges charges from two cases and contains inaccurate information. Plaintiff also challenges a pre-trial ruling by Judge Foley, asserts that police officer Shust improperly coached a

---

[2]A review of the state-court docket in Case No. B1903749 reveals that on December 7, 2020, the trial court stayed the underlying criminal matter pending resolution of the instant federal lawsuit. (*See* Dec. 7, 2020 Entry Granting Stay of Proceedings and Tolling Time, viewed at the Hamilton County Clerk of Courts website at http://www.courtclerk.org/). It also appears from the docket that the underlying criminal matter has been assigned to another judge. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

witness, and complains about his representation by defense attorney Trapp.   (Doc. 1 at PageID 89-92).

For relief, plaintiff seeks injunctive relief, including having the indictment quashed and the charges against him dismissed with prejudice.   (Doc. 1 at PageID 92).

Plaintiff's complaint is subject to dismissal.   Absent extraordinary circumstances, federal courts may not interfere with pending state criminal proceedings in order to entertain constitutional challenges to the state proceedings.   *Younger v. Harris,* 401 U.S. 37 (1971). Under *Younger*, the federal court must abstain where "(1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceeding will afford the plaintiff an adequate opportunity to raise his constitutional claims."   *Kelm v. Hyatt,* 44 F.3d 415, 419 (6th Cir. 1995) (citing *Nilsson v. Ruppert, Bronson & Chicarelli Co.,* 888 F.2d 452, 454 (6th Cir. 1989)).   *See also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 603-05 (1975).   Extraordinary circumstances barring abstention include "great and immediate" irreparable injury, state law that is "flagrantly and patently violative of express constitutional prohibitions," or "bad faith, harassment, or any other unusual circumstance that would call for equitable relief"   *Younger,* 401 U.S. at 46, 53, 54.   *See Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996).

All three factors supporting *Younger* abstention are present in this case.   Because plaintiff's criminal case remains pending in state court, the first *Younger* factor is satisfied. Second, the criminal case implicates an important state interest as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere.   *See Younger*, 401 U.S. at 43-45.   Third, there is no evidence that the state criminal proceedings cannot provide

4

an opportunity for plaintiff to raise any constitutional claims. Regarding this factor, the federal

court must presume that the state courts are able to protect the interests of a federal plaintiff.

*Kelm*, 44 F.3d at 420 (citing *Pennzoil Co.*, 481 U.S. at 15).[3] Plaintiff possess an adequate

opportunity to raise any constitutional issues in his pending state court action or in a subsequent

appeal. Because plaintiff has failed to allege facts suggesting the existence of extraordinary

circumstances barring abstention, abstention under *Younger* is appropriate.

Accordingly, in sum, plaintiff's complaint (Doc. 1) should be **DISMISSED without**

**prejudice** pursuant to the *Younger* abstention doctrine. *See Loch v. Watkins*, 337 F.3d 574, 579

(6th Cir. 2003) (affirming dismissal of claims on the ground of abstention).[4]

In light of the above recommendation, plaintiff's motion for appointment of counsel (Doc.

5) is **DENIED as moot.**

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be **DISMISSED without prejudice**. *See* 28 U.S.C.

§ 1915(e)(2)(B) and § 1915(A)(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order

adopting the Report and Recommendation would not be taken in good faith. *See McGore v.*

---

[3]To the extent that plaintiff asserts that the underlying criminal matter has been pending for seventeen months (*see* Doc. 1 at PageID 92), plaintiff has not raised a speedy-trial claim in his complaint. In any event, as the Court found in its Order dismissing plaintiff's earlier habeas corpus action, federal intervention is not warranted where, as here, the remedy sought is not a prompt trial date but the dismissal of pending criminal charges. *See Fleming*, No. 1:19-cv-1006 (Doc. 10 at PageID 101).

[4]In the event that plaintiff is convicted in the underlying state criminal case, the Court notes that a subsequent § 1983 civil rights action challenging the validity of those proceedings will not lie unless plaintiff has been successful in having the conviction or sentence invalidated. *Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994). If plaintiff is convicted in state court and believes that his federal constitutional rights were violated, he may file an application for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254 after exhausting state remedies.

*Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

## IT IS THEREFORE ORDERED THAT:

In light of the Court's recommendation that the complaint be **DISMISSED without prejudice**, plaintiff's motion for appointment of counsel (Doc. 5) is **DENIED as moot.**

Date:  1/13/2021

Karen L. Litkovitz
United States Magistrate Judge

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JOSEPH FLEMING,                              Case No. 1:20-cv-916
      Plaintiff,

                                     Cole, J.
      vs                                      Litkovitz, M.J.

JUDGE PATRICK J. FOLEY, et al.,
      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.    This period may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).