UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| JOSEPH FLEMING, | : | Case No. 1:20-cv-916 |
| Plaintiff, | : | |
| vs. | : | District Judge Douglas R. Cole |
| | : | Magistrate Judge Karen L. Litkovitz |
| JUDGE PATRICK J. FOLEY, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

On September 27, 2022, the District Judge recommitted this matter to the Magistrate Judge. In the recommittal order, the District Judge noted that the state-court criminal matter underlying plaintiff's civil rights complaint had concluded and instructed the undersigned to re-screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) considering these changed circumstances. (Doc. 10). For the reasons set forth below, the Court recommends that plaintiff's complaint be dismissed.

**A.      Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or

law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

2

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B. Plaintiff's Complaint

Plaintiff, a former pre-trial detainee at the Hamilton County Justice Center, who is currently incarcerated in the Ohio Department of Rehabilitation and Correction, has filed this civil rights action pursuant to 42 U.S.C. § 1983 against Judge Patrick J. Foley, prosecuting attorney James Keeling, police officer Molly Shust, and defense attorney Michael Trapp for alleged violations of his constitutional rights in connection with a criminal action filed against him in Case No. B1903749 in the Hamilton County Court of Common Pleas.[1]

Plaintiff alleges that the state-court indictment improperly merged charges from two cases and contained inaccurate information. Plaintiff also challenges a pre-trial ruling by Judge Foley, asserts that police officer Shust improperly coached a witness, and complains about his representation by defense attorney Trapp. (Doc. 1 at PageID 89-92).

For relief, plaintiff seeks to have the indictment quashed and the charges against him

---

[1] *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 624 (1979) (Powell, J., concurring) ("Section 1983 provides a private cause of action for the deprivation, under color of state law, of 'rights . . . secured by the Constitution and laws.'") (footnote omitted).

3

dismissed with prejudice. (Doc. 1 at PageID 92).

### C. State Court Proceedings

This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)). A review of the state-court docket in Case No. B1903749 reveals that after the undersigned issued the initial Report and Recommendation in this matter plaintiff pleaded guilty to one count of Aggravated Robbery with an accompanying firearm specification and one count of Having Weapons under Disability, and that the prosecutor dismissed the remaining charges against plaintiff.[2] The Ohio Court of Appeals affirmed plaintiff's convictions on March 11, 2022. *State v. Fleming*, No. C-2100297, 2022 WL 766476, (Ohio Ct. App. Mar. 11, 2022).[3] A search by party name on the Ohio Supreme Court's website reveals that plaintiff did not seek further review of his convictions in the Ohio Supreme Court.[4]

---

[2]Viewed at the Hamilton County Clerk of Courts website at http://www.courtclerk.org/.

[3]The Ohio Court of Appeals set forth the following background in affirming plaintiff's convictions on appeal:

> In 2019, the state indicted Fleming on ten felony counts. In April 2021, Fleming and the state entered into a plea agreement where Fleming agreed to plead guilty to count 10, aggravated robbery with an accompanying firearm specification, in exchange for the dismissal of all remaining counts, except count 4, having weapons while under a disability. Count 4 had previously been severed from the other counts in the indictment. Fleming and the state agreed to jointly recommend that the trial court impose a sentence of three years in prison on count 10, to be served consecutively to three years in prison on the underlying firearm specification. Count 4 would proceed to a bench trial the following day.
>
> The next day, Fleming pleaded guilty to count 4, with a potential sentencing range of nine to 36 months in prison. The trial court accepted Fleming's plea and imposed a two-year prison term on count 4, to run consecutively to the agreed-upon six year sentence on count 10 and its accompanying specification, for a total of eight years in prison.

*Fleming*, 2022 WL 766476, at *1.

[4]Viewed at https://www.supremecourt.ohio.gov/Clerk/ecms/#/search.

**D.     Analysis**

Plaintiff's complaint is subject to dismissal. To the extent that plaintiff seeks to have the state-court indictment quashed and the charges upon which he was convicted by guilty plea dismissed, his claims are barred by *Heck v. Humphry*, 512 U.S. 477 (1994), and should be dismissed.

In *Heck*, the Supreme Court held that a civil action under § 1983 cannot proceed if the action serves to undermine a criminal conviction not reversed on appeal or vacated by expungement or by writ of habeas corpus. *Heck*, 512 U.S. at 486-87. By challenging the indictment and seeking to have any charges upon which he was convicted in Case No. B1903749 dismissed, namely the charges for Aggravated Robbery and Having Weapons under Disability that he pleaded guilty to, plaintiff seeks to call those convictions into question. Because plaintiff does not allege that those convictions have been reversed on appeal or vacated by expungement or by writ of habeas corpus, plaintiff's claims challenging those convictions are barred by *Heck*.[5]

Even if the above charges were still pending, it is well established that absent extraordinary circumstances, federal courts may not interfere with pending state criminal proceedings in order to entertain constitutional challenges to the state proceedings. *Younger v. Harris,* 401 U.S. 37 (1971). For the reasons set forth in the undersigned's initial Order and Report and Recommendation (Doc. 7), extraordinary circumstances were not present here because plaintiff had the ability to raise in state court the constitutional claims he raises here.

---

[5] Plaintiff previously filed a habeas corpus action in this Court challenging the same state criminal proceedings. The Court dismissed plaintiff's habeas corpus action without prejudice as premature. *See Fleming v. Hamilton Cty. Justice Center*, No. 1:19-cv-1006 (S.D. Ohio Apr. 15, 2020) (Cole, J.; Bowman, M.J.) (Docs. 2, 10, 11).

To the extent that plaintiff seeks to have the state-court indictment quashed and the remaining charges dismissed, his claims should be dismissed as moot because, as set forth above, the state-court record shows that those charges have already been dismissed. *See, e.g., LeDee v. Warden, Winn Corr. Ctr.*, No. CIV. A. 07-1190, 2008 WL 2744394, at *5 (W.D. La. Apr. 28, 2008) ("The two counts of aggravated kidnapping, however, were subsequently dismissed by the District Attorney as part of the Petitioner's plea bargain agreement. Therefore, the issue of whether the aggravated kidnapping charges could have been dismissed through a Motion to Quash is moot."). As the remaining criminal charges have already been dismissed, plaintiff cannot obtain the requested relief, making any claims in the complaint relating to those charges moot. *See Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986) ("Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief."). Because any such claims are moot, this Court lacks subject jurisdiction to decide them. *McPherson v. Michigan High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (providing that federal courts lack jurisdiction over moot disputes).

Accordingly, in sum, plaintiff's complaint (Doc. 1) should be **DISMISSED without prejudice** because his claims are either barred by *Heck* or are moot. *See Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015) ("When courts dismiss claims under *Heck,* they typically do so *without prejudice*") (emphasis original); *see also Thompson v. Love's Travel Stops & Country Stores, Inc.*, 748 F. App'x 6, 11 (6th Cir. 2018) ("[O]ur court has stated on several occasions that dismissal for lack of subject matter jurisdiction should normally be without prejudice.") (citing cases).

In light of this recommendation, the undersigned does not revisit the previous Order

6

(Doc. 7, at PageID 158) denying as moot plaintiff's motion for appointment of counsel.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be **DISMISSED without prejudice**. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting the Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

## PROCEDURE ON OBJECTIONS:

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*,

474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: 10/22/2022

Karen L. Litkovitz
United States Magistrate Judge