# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOSEPH FLEMING,

      Plaintiff,

v.

JUDGE PATRICK J. FOLEY, *et al.*,

      Defendants.

Case No. 1:20-cv-916
JUDGE DOUGLAS R. COLE
Magistrate Judge Litkovitz

## ORDER

This cause is before the Court on the Magistrate Judge's October 24, 2022, Report and Recommendation ("R&R," Doc. 11) recommending that this Court sua sponte dismiss Plaintiff Joseph Fleming's Complaint (Doc. 1) for failure to state a claim because his claims are either barred by *Heck* or are moot.

For the reasons below and given the lack of any objections to the R&R, the Court **ADOPTS** the R&R (Doc. 11) in full and **DISMISSES** Fleming's Complaint (Doc. 1) **WITHOUT PREJUDICE**.

Fleming, then a pretrial detainee at the Hamilton County Justice Center, filed this pro se action alleging violations of his constitutional rights under 42 U.S.C. § 1983 in connection with his then-pending criminal case in state court.[1] (Doc. 1). When he filed, he neither paid the filing fee nor sought in forma pauperis status. (*See*

---

[1] Plaintiff previously filed a habeas corpus action in this Court challenging the same state criminal proceedings. The Court dismissed plaintiff's habeas corpus action without prejudice as premature. *See Fleming v. Hamilton Cnty. Justice Ctr.*, No. 1:19-cv-1006, 2020 WL 1872351 (S.D. Ohio Apr. 15, 2020).

Deficiency Order, Doc. 2). When the Magistrate Judge pointed that out (*id.*), Fleming sought the latter (Doc. 3), which the Magistrate Judge granted (Doc. 6).

In his Complaint, Fleming sued Judge Patrick J. Foley, local prosecutor James Keeling, police officer Molly Shust, and defense attorney Michael Trapp. (Doc. 1, #88). His allegations boil down to his belief that the Defendants' actions combined to harm him, including through alleged witness coaching, provision of falsified documents, and incorrect statements by various court officers. (*See generally id.* at #89–92).

The Magistrate Judge issued an R&R on January 13 recommending that this Court sua sponte dismiss Fleming's complaint, as Congress has authorized courts to do when a complaint filed in forma pauperis fails to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (Doc. 7). That R&R recommended dismissal on *Younger* abstention grounds because of the pendency of Fleming's state-court case at the time. (*Id.* at #157).

When the Court reviewed the matter, however, it noted the conclusion of Fleming's state-court case. Thus, it recommitted the matter to the Magistrate Judge for re-screening of the Complaint. (Doc. 10). On October 24, 2022, the Magistrate Judge issued the instant R&R, which recommends dismissing Fleming's complaint (Doc. 1) because his claims are either barred by *Heck* or are moot. (Doc. 11).

That R&R also advised the parties that failure to file any desired objections within 14 days may result in forfeiture of rights, including the right to District Court review. (*Id.* at #190–91); *see Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district

judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R & R ... is forfeiture"); 28 U.S.C. § (b)(1)(C).

Neither party objected. But even still, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

The Court has reviewed the instant R&R and sees no clear error. The R&R first explains that, if Fleming seeks the quashing of his state-court indictment and the dismissal of the charges to which he pled guilty, such claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. 11, #188). The R&R also notes that to the extent Fleming had sought the dismissal of his remaining charges, those charges have now been dismissed, rendering his claim moot. (*Id.* at #189). So the Magistrate Judge recommends dismissal either way.

The Court agrees. First, Fleming has not shown that his convictions have been reversed or vacated as required. That means his § 1983 action cannot go forward. *See Heck*, 512 U.S. at 486–87. And second, the dismissal of the remaining charges[2] against Fleming renders his claims about those charges moot. *See Carras v. Williams*,

---

[2] The Magistrate Judge took judicial notice of the relevant state-court records in this case. (*See* Doc. 11, #187). The Court has also viewed the records and confirmed both that the Ohio Court of Appeals affirmed Fleming's prior convictions, *State v. Fleming*, No. C-2100297, 2022 WL 766476, (Ohio Ct. App. Mar. 11, 2022), and that there is no evidence of Fleming seeking review of those convictions by the Ohio Supreme Court.

3

807 F.2d 1286, 1289 (6th Cir. 1986). Mootness, then, leaves the Court without subject matter jurisdiction. *See McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997).

Accordingly, the Court **ADOPTS** the R&R (Doc. 11) in full. The Court thus **DISMISSES** Fleming's Complaint (Doc. 1) **WITHOUT PREJUDICE**. The Court further **CERTIFIES** to the Sixth Circuit that any appeal would not be taken in good faith, thereby **DENYING** Fleming leave to appeal in forma pauperis. The Court **DIRECTS** the Clerk to **ENTER JUDGMENT** and **TERMINATE** this matter on the Court's docket.

**SO ORDERED.**

December 12, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

4